# J. D. SERGEANT, TRUSTEE, v. F. C. ABERLE.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued April 2, 1890—Decided May 12, 1890.

(*a*)  An agent to procure a loan upon a mortgage received the money from the mortgagee, but, in violation of his agreement with the mortgagor, retained it in his hands for some months before he applied it to the satisfaction of a prior indebtedness of the latter :

1.  In such case, even if the agent were the agent of the mortgagee, and not of the mortgagor, the latter was not entitled to a credit upon the mortgage, on which the new loan was obtained, of interest for the time the money was held in the hands of the agent.*

Before STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 177 January Term 1890, Sup. Ct.; court below, No. 193 December Term 1888, C. P. No. 3.

On November 21, 1888, J. Dickinson Sergeant, surviving trustee of the Sepviva estate, brought scire facias sur mortgage against F. C. Aberle.   Issue.

At the trial on April 15, 1889, before FINLETTER, P. J., the plaintiff proved his claim under the mortgage, dated April 4, 1882, for $4,000, with interest from October 4, 1887, and arrears of interest due prior to the date last mentioned.   The defendant proved a tender of $4,226.05 on November 20, 1888, and maintained, claiming that the $70 of interest, the only subject of controversy, was not due to the plaintiff.   In the testimony submitted it was made to appear that in March, 1882, the defendant was the owner of real estate subject to a mortgage for $3,300 held by F. Rumpff & Brother.   Wishing to pay off this mortgage and for $700 himself, he called upon one John Ruhl, a conveyancer, who had an office at 512 Walnut street and was also a clerk to George Emlen, the agent of the Sepviva estate, to obtain a loan.   Ruhl informed the defend-

---

* See Pepper v. Cairns, 133 Pa. 114; Sergeant v. Martin, 133 Pa. 122.

ant that he could obtain the loan from said estate, and drew the new mortgage and bond, which was executed and delivered to the plaintiff, who paid to Ruhl the $4,000. Ruhl paid to the defendant $700, and was to apply $3,300 to the discharge of the old mortgage. The defendant paid Ruhl for drawing the bond and mortgage. On August 22, 1888, Rumpff & Brother, having discovered that Ruhl had the money to be applied to their mortgage, demanded and received it from him and satisfied their mortgage. On February 21, 1883, the defendant paid six months interest due October 4, 1882, on the mortgage in suit, $100. On account of interest due April 4, 1883, he paid, May 15, 1883, $50, and June 19, 1883, $30, leaving $20 unpaid. On October 4, 1883, he owed $120, on account of which he paid $50, leaving due, as was claimed, $70, the subject of contention. Payments were made after that time, which were credited, leaving the disputed $70 remaining. The defendant testified that in 1882 or 1883, when he discovered that the Rumpff & Brother mortgage had not been satisfied when it should have been, he claimed of Mr. Ruhl a deduction of $70 interest on the new mortgage, for the detention of the money by Ruhl, and that the latter said he " would make it right," and the defendant had all along claimed this allowance as due to him.

At the close of the testimony, the plaintiff requested the court to charge that under all the evidence the verdict should be for the plaintiff for the full amount of the mortgage with interest, which request the court refused; exception.[1]

The jury rendered a verdict for the plaintiff for $4,226.05, the amount of the tender maintained. A rule for a new trial having been discharged, the plaintiff took this appeal, assigning for error: 1. The refusal of the plaintiff's request.[1]

*Mr. S. E. Megargee* and *Mr. J. M. Pile*, for the appellant.

*Mr. Hampton L. Carson* (with him *Mr. J. L. Jones* and *Mr. A. I. Phillips*), for the appellee.

OPINION, MR. JUSTICE CLARK:

At the trial of this case, the court submitted to the jury the question whether Ruhl, in the receipt and disbursement of the

money embraced in Sergeant's check for $4,000, dated April 4, 1882, acted as the agent of the Sepviva estate, or as the agent of Aberle, and the jury found that he was the agent of the Sepviva estate. There was some evidence, we think, to support this finding. It was certainly very slight; perhaps, however, it was sufficient to justify a submission to the jury. But, assuming the fact found by the jury, how does it appear that Aberle was injured? The loan was $4,000. Of this, Aberle received $700, at such times as he demanded it; and $3,300 was applied, according to his own directions, in satisfaction of the Rumpff mortgage. Aberle has thus received the whole of the money. He complains, however, that the loan from the Sepviva estate was effected by, and the money placed in the hands of Ruhl in March, and the Rumpff mortgage was not paid until August. But what of that? The mortgage debt to Rumpff was $3,300, and the mortgage is satisfied. Aberle paid no part of it. He is not now responsible for any part of it. The mortgage is paid, and Ruhl paid it. It was Ruhl's duty, doubtless, to have paid the money over to Rumpff in April, but if Rumpff was willing to forgive the fault and to accept the face of the mortgage in satisfaction of it in August, how was Aberle injured? The delay cost him nothing, and he is in no condition to complain. Ruhl promised to "make it right," and he did make it right with Rumpff. As the matter stands, Aberle appears to have gotten the full benefit of his loan, and he should be held to pay it in full, with interest.

The judgment is reversed.

On May 21, 1890, on motion a venire facias de novo was awarded.